made from said trust fund were to be secured by instruments running to his sister, Mrs. Merwin. In the bond and mortgage Mrs. Merwin is described as "George P. Merwin." She is likewise so described in the pleadings and is so named even in the minutes of the trial. Why a woman should be described in legal instruments with a masculine name is rather mysterious.

It seems to me that this is not a simple case of an agent, without the knowledge or ratification of his principal, extorting a consideration for his own benefit and account, which, if extorted for the account of his principal, would be usurious, but one in which Peavey was acting, not as a mere agent for the benefit of another, but as one of three principals, for the benefit of all three in a joint enterprise. Under these circumstances, the knowledge of Peavey would be the knowledge of all three, and what would bind Peavey as a principal would bind the others also, on the same theory.

As to the second mortgage, and likewise the second judgment, it appears that the plaintiff gave to the defendant, through Peavey, her bond and mortgage for the sum of $265, and that out of the same trust fund Peavey paid on account of the plaintiff the sum of $210.84, leaving a balance of $54.16. On the recording of the bond and mortgage secured by this loan, the sum of $1.50 was paid as recording fees. Peavey claims that the balance was retained by him for services in searching the same title as that which was covered by the other mortgage. This second mortgage was likewise taken in the name of the defendant Mrs. Merwin, according to the usual course of business, and Peavey left undrawn in the trust fund the amount which he claims to have retained for his services in searching the title. Here, again, the court found the giving of a bonus amounting to the difference between the sum actually advanced and the amount of the security. If the evidence would justify this finding of fact, then, of course, the judgment is unassailable. The evidence does justify the finding. It seems to me apparent that Mrs. Robertson was defenseless in the hands of Peavey, and was choused accordingly, and that usury was the purpose of Peavey, and the explanations offered by him a mere cloak to such purpose.

The judgment in both cases should therefore be affirmed, with costs.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. THOMAS, J., votes to affirm, in so far as the interest of Peavey, defendant's brother, is concerned.

---

(79 Misc. Rep. 118.)

## In re ELY.

(Supreme Court, Special Term, Westchester County. January 25, 1913.)

ATTORNEY AND CLIENT (§ 182*)—COMPENSATION OF ATTORNEY—ENFORCEMENT OF LIEN.

　　Under Judiciary Law (Consol. Laws 1909, c. 30) § 475, providing that from the commencement of an action or special proceeding, and the service of an answer containing a counterclaim, the attorney who appears for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a party has a lien on his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof, an attorney cannot enforce a lien for services and disbursements against real estate which has been the subject-matter in a certiorari proceeding to review the assessment of the real estate for taxation.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

Application by William A. H. Ely, an attorney, to determine and enforce an attorney's lien. Denied.

H. H. & W. L. Morse, both of Tarrytown, for petitioner.
Duer, Strong & Whitehead, of New York City, for respondents.

TOMPKINS, J. The question in this proceeding is whether an attorney can assert and enforce a lien for his services and disbursements against real estate which has been the subject-matter in a certiorari proceeding to review the assessment of such real estate for the purpose of taxation, where the petitioner was the attorney for the owners of the property. The claim by the attorney is made under sections 474 and 475 of the Judiciary Law (Consol. Laws 1909, c. 30). Section 475 provides as follows:

"From the commencement of an action or special proceeding, and of the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come."

I think the petitioner cannot maintain this proceeding, and that his remedy is by an action at law. It does not appear that there has been a "verdict, report, decision, judgment or final order in his client's favor," or that his clients have the "proceeds" of any "cause of action, claim or counterclaim."

The certiorari proceeding appears to have been settled before reaching a final order or judgment, and it does not appear that the owners reaped any direct benefit from that proceeding. For a subsequent year, it is alleged in the petition the assessment upon the property upon the client's real estate was materially reduced, and the petitioner claims that he accomplished that reduction. This is denied, however, by the respondents. Conceding that the petitioner's claim in this respect is true, I cannot see how a lien can be asserted against the real estate for the attorney's services before the town assessors in securing a reduction of the assessment. The provisions of section 475 of the Judiciary Law were not, in my opinion, intended to cover such a proceeding, nor do I think that an attorney's lien can be enforced against real estate which is the subject of a certiorari proceeding, upon the theory that such real estate is the "proceeds thereof," within the meaning of section 475.

Motion denied.